# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ANGELA DRAKE | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00497 |
| | § | Judge Mazzant |
| CAPITAL ONE, NATIONAL ASSOCIATION | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Capital One, National Association's Motion to Compel Independent Mental Examination (Dkt. #29). After reviewing the relevant pleadings and motion, the Court finds the motion should be denied.

### BACKGROUND

Angela Drake ("Drake") sued Capital One, National Association ("Capital One") for interference and retaliation under the Family Medical Leave Act ("FMLA") and disability discrimination and retaliation under the Texas Commission on Human Rights Act ("Texas Act"). 29 U.S.C. § 2615; Tex. Lab. Code Ann. § 21.001, *et seq*.

While Drake was working at Capital One, she was placed on a performance improvement plan that was later determined to be false and was invalidated. Because of these false allegations, Drake began to suffer from high blood pressure and had bouts of severe anxiety, panic attacks, and major depressive disorder. Drake's doctors found that her worsening condition was caused by the problems she was experiencing at work at put her on leave. Drake took FMLA leave from May 2015 until August 2015. Drake was fired in January 2016.

On April 27, 2016, Drake filed this action in state court in Collin County, Texas (Dkt. #6). On July 8, 2016, Capital One removed to this Court (Dkt. #1). On February 9, 2017, Capital One filed this motion (Dkt. #29). On February 17, 2017, Drake filed her response

(Dkt. #31). On February 21, 2017, Drake filed her Third Amended Complaint (Dkt. #33). On February 24, 2017, Capital One filed a reply (Dkt. #36), and the same day Drake filed a sur-reply (Dkt. #38) where, in addition to responding to the reply, Drake also moved to strike Capital One's reply. On March 13, 2017, Capital One filed an amended reply which mooted Drake's motion to strike (Dkt. #47).

**LEGAL STANDARD**

Rule 35 provides that a court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The party seeking to compel such an examination must show that there is "good cause" why its request should be granted. Fed. R. Civ. P. 35(a)(2)(A). These two requirements—that the opposing party's mental condition be "in controversy" and that there be "good cause" for an examination—must be taken seriously; "[m]ental . . . examinations are only to be ordered upon a discriminating application by the district judge of" these requirements. *Schlagenhauf v. Holder*, 379 U.S. 104, 121 (1964). This is because a more relaxed standard would allow parties to routinely compel each other to submit to examinations, which would be contrary to both the spirit of the rules and the purposes underlying the substantive law at the center of many disputes. *See* Fed. R. Civ. P. 1.

This need to respect the stringent requirements of Rule 35 is particularly acute in employment cases. Like most anti-discrimination statutes, the FMLA includes an anti-retaliation provision that serves to ensure unfettered access to statutory remedial mechanisms. *See* 29 U.S.C. § 2615(b). A lax application of the Rule 35 requirements in cases involving retaliation could easily dissuade employees from bringing suit in the first place, and could dissuade them from even from pursuing administrative remedies. *Winstead v. Lafayette Cty. Bd. of Cty.*

*Comm'rs*, 315 F.R.D. 612, 614 (N.D. Fla. 2016). If the price of even having the opportunity to vindicate one's rights under the FMLA in court necessarily included an eight-hour-long forced psychological examination, many plaintiffs with viable cases might decline to pursue their claims. *Id.*

## ANALYSIS

Many courts have been reluctant to grant Rule 35 mental or psychological exams in employment cases absent special circumstances. *See id.* A plaintiff does not put her mental condition in controversy simply by alleging mental or emotional damages because of the underlying discrimination. *Burrell v. Crown Cent. Petroleum*, 177 F.R.D. 376, 380 (E.D. Tex. 1997) ("Mental anguish is incident to the work-related economic damages like lost wages."). Typically, to put mental condition in controversy, there must be both a claim for mental or emotional damages plus one or more of the following:

> (1) a cause of action for intentional or negligent infliction of emotional distress; (2) an allegation of specific mental or psychiatric injury or disorder; (3) a claim of unusually severe emotional distress; (4) plaintiff's offer of expert testimony to support a claim of emotional distress; [or] (5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*Bowen v. Parking Auth. of City of Camden*, 214 F.R.D. 188, 193 (D.N.J. 2003) (quoting *Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D. Cal. 1995)). Also important is any "allegation of present, ongoing, or permanent mental injury or disorder." *Id.* at 195.

The Court finds that Drake has not put her mental condition in controversy within the meaning of Rule 35. Drake has only made employment claims. She has not made a claim for intentional or negligent infliction of emotional distress. Further, Drake does not allege a specific or unusually severe injury or disorder for which she is seeking damages for, let alone one that continues to this day. Drake has affirmatively stated that she will not use her treating physicians

3

as expert witnesses. Finally, Drake's vehement response to this motion shows that she has not conceded her mental condition is in controversy.

The only two factors that could possibly be met are the second and third factors. In Drake's Third Amended Complaint she claims that she "had bouts of severe anxiety, panic attacks and major depressive disorder" (Dkt. #33 at p. 3). While this appears on its face to be a specific allegation of unusually severe emotional distress, this allegation is really just the underlying condition that led to Capital One's alleged retaliation against Drake. It was only after the alleged "bouts of severe anxiety" that Drake needed to take FMLA leave which led her down the path to termination. Drake does not allege that these attacks continue to this day. Therefore, the Court finds that she has not put her mental condition in controversy.

The Court also finds that good cause does not exist to subject Drake to an eight-hour mental exam conducted by two doctors. Capital One's arguments for a mental examination are that Drake had a variety of mental issues that need to be ruled out as causes of her mental disability which forms the basis of her retaliation claim and that Capital One must be able to rebut her *prima facie* case of disability (Dkt. #29 at p. 4; Dkt. #47 at p. 3–4). The Court is not persuaded by any of these arguments.

Again, Drake is not seeking damages for any alleged exacerbation of mental conditions by Capital One. Capital One attempts to use a mental examination as a way of proving that Drake should not have been allowed to take FMLA leave at all. Dr. Jay Crowder's proposed mental examination would last eight hours evaluating Drake's past mental history in order to determine whether Capital One caused the stress which necessitated leave. That is not the issue. The issue is that Capital One allegedly retaliated against Drake because she took an approved FMLA leave, not about what caused her to take leave.

Further, any medical condition that occurred after Drake's termination is not relevant to her claims. Capital One has not provided any evidence that Drake suffered from an excluded condition under the Texas Act at the time of her FMLA leave or termination. *See* Tex. Lab. Code. § 21.002(6) (excluding "a current condition of addiction to the use of alcohol, a drug, an illegal substance, or a federally controlled substance" from the definition of "disability").

Finally, Capital One's argument that a mental exam is necessary to rebut Drake's *prima facie* case under the ADA are inapposite. Drake has not alleged a cause of action implicating the ADA. Drakes only discrimination claim is under the Texas Act. Drake does not need to prove that she could perform the essential functions of her job for that cause of action. *See* Tex. Lab. Code § 21.051.

Drake has not put her mental condition in controversy, and even if she did, good cause does not exist to warrant such an intrusive examination.

## CONCLUSION

It is therefore **ORDERED** that Defendant Capital One's Opposed Motion to Compel Independent Mental Examination of Plaintiff (Dkt. #29) is hereby **DENIED**.

**SIGNED this 15th day of March, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE