# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| ANGELA DRAKE | § | |
| | § | |
| v. | § | Civil Action No. 4:16-CV-00497 |
| | § | Judge Mazzant |
| CAPITAL ONE, NATIONAL ASSOCIATION | § § § | |

## MEMORANDUM OPINION AND ORDER

On April 4, 2017, the Court conducted a hearing, at the request of both parties, regarding various discovery issues. The Court took one issue under advisement regarding e-mail search terms.

## BACKGROUND

The parties acknowledged that they have come to agreements on several search criteria. The basis of each search is "Angela Drake" + "[search term]." Plaintiff first requests that her name be removed as a mandatory search term. Next, Plaintiff requests five search terms, two of which are variations on Defendant's already produced terms. Instead of "customer complaint," Plaintiff requests just the word "complaint." Also, instead of "medication," Plaintiff requests the word "medicine." In addition to those variations, Plaintiff requests that "disability," variations of the word "tardy" and "ADA" be added to the list of search terms. Finally, the parties have agreed on two custodians from which to search, but Plaintiff requests the addition of the supervisor, Curt Waller ("Waller"), as a custodian whose emails should be searched. In sum, Plaintiff makes three requests regarding the emails: (1) Do not add her name as a mandatory search term; (2) Add five additional search terms; and (3) Add Curt Waller as a custodian from which to perform searches.

Defendants object to these requests because they are expensive. Defendants allege that the addition of a single custodian would cost $3,000–$10,000. Further, Defendants claim that "customer complaint" will turn up many irrelevant results because Plaintiff and her supervisors were in customer service jobs.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevance, for the purposes of Rule 26(b)(1), is when the request is reasonably calculated to lead to the discovery of admissible evidence. *Id.*; *Crosby v. La. Health & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

It is well-established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)). In exercising its discretion, a court must follow the proportionality standard laid out in the federal rules. Fed. R. Civ. P. 26(b)(1). A request is proportional when considering "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

## ANALYSIS

Each mandatory search term in a search of emails necessarily limits the results. The goal of discovery is to maximize relevant, nonprivileged matter while avoiding excess, non-relevant or privileged information. Courts have recognized this balance in crafting email search terms by allowing certain global searches where a party will search for ADA without any restrictions, but

in other searches, use "complaint" + "plaintiff" in an effort to limit results to plaintiff-specific facts. *See, e.g.*, *Kleppinger v. Tex. Dep't of Transp.*, No. L-10-124, 2012 12893654, at *4 (W.D. Tex. Aug. 23, 2012) (ordering defendants to search for plaintiff's name without any restrictions from the named defendant's accounts, but then to search for plaintiff's name with a limiting term from all other employees). Similar tailoring is appropriate here.

Plaintiff is entitled to discovery on her theory of pretext. *See Lee v. Kan. City. S. Ry. Co.*, 574 F.3d 253, 259–60 (5th Cir. 2009). Plaintiff alleges that Defendant wrongfully placed her on two conduct memos in December 2015, which led to a ninety-day probation and ultimately her termination in January 2016. The first conduct memo was for a customer complaint claiming that she sounded drunk. The other was for violating the tardy policy. Plaintiff claims that these were both pretextual memos and therefore a pretextual firing because although it was Capital One's policy to verify complaints, Defendant has never been able to locate the call that was the basis of the complaint. Plaintiff also alleges that the tardy policy was pretextual because it was not equally enforced against other employees. Plaintiff is entitled to discovery into these theories as long as it is appropriately tailored to the needs of this case.

Here, the parties have agreed on two lower-level supervisors as custodians for the searches. Plaintiff also requests Waller as an additional custodian because he is the high-level supervisor who oversees the Plano auto division where Plaintiff worked. The Court agrees that Waller should be an additional custodian. *Lee*, 574 F.3d at 260–61 ("For example, it is sufficient that the ultimate decisionmaker as to employees' continued employment is the same individual, even if the employees do not share an immediate supervisor.").

By limiting the scope of custodians to only those supervisors who oversaw Plaintiff and other similarly situated[1] employees, the need for Plaintiff's name as a limiting search term is lessened. Therefore, the Court finds that all of the requested terms, except for medicine or medication, should be global searches of those custodian's emails.

The Court denies Plaintiff's request to use the term "complaint" rather than "customer complaint." Complaint is too general of a term considering the specific allegations in this case. The word "complaint" alone could refer to internal or external issues, and could be used as a colloquialism or a term of art. Many of these would not be relevant to Plaintiff's claims. Plaintiff alleges retaliation and a pretext stemming from a customer complaint. Other customer complaints are therefore relevant to Plaintiff's theory, but complaints generally are not relevant. Therefore, the following search terms should be conducted without the restriction of Plaintiff's name: "customer complaint," "disability," "ADA," and words with the root "tard" to capture variations of the word tardy.

However, the word "medicine" should be limited to searches with Plaintiff's name. Plaintiff's allegations of a previously well-controlled condition are relatively unique. She has not alleged retaliation for the fact that she was previously on medication or that others were treated differently than she was with medication. Therefore, searches regarding medicine should be limited by Plaintiff's name.

---

[1] The Court is not making a final determination on whether the employees with similar jobs, but different supervisors were "similarly situated." But for purposes of discovery, the Court will assume that these employees have a substantial likelihood of being similarly situated.

Plaintiff also requests that the search term is "medicine" rather than "medication." The Court sees this as a similar issue to the root of tardy. Defendants are ordered to search each custodian's emails for "[Plaintiff]" + "medic!" to capture the variations of medication.[2]

## CONCLUSION

It is therefore **ORDERED** that Defendants conduct searches for the custodian Curt Waller.

It is further **ORDERED** that Defendants search with the following search terms without the restriction of Plaintiff's name: "customer complaint," "disability," "ADA," and words with the root "tard" to capture variations of the word tardy

It is further **ORDERED** that Defendants conduct searches, limited by Plaintiff's name, for words with the root "medic."

**IT IS SO ORDERED.**
SIGNED this 10th day of April, 2017.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

[2] Searches limited to the plaintiff's name should take into account any nicknames or variations that would commonly occur in emails. *See Burus v. Wellpoint Cos.*, 434 F. App'x 475, 479 (6th Cir. 2011). The parties are not clear on what term Defendants currently use for Plaintiff's name, and Plaintiff did not propose an alternative. Therefore, the parties should agree on a term or set of terms that would sufficiently return results referring to Plaintiff.